UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TALES IP, LLC | CIVIL ACTION |
| VERSUS | No.: 19-11339 |
| COMMON-CAMP, LLC | SECTION: "J"(4) |

## **ORDER & REASONS**

Before the Court is a *Motion to Remand* (**Rec. Doc**. **10**) filed by Plaintiff Tales IP, LLC, an opposition thereto by Defendant Common-Camp, LLC (Rec. Doc. 11), a reply by Plaintiff (Rec. Doc. 15), and a sur-reply by Defendant (Rec. Doc. 22). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that Plaintiff's Motion should be **DENIED**.

## **FACTS AND PROCEDURAL BACKGROUND**

This matter arises out of a lease dispute between Plaintiff Tales IP, LLC ("Tales"), as lessee, and Defendant Common-Camp, LLC ("Common-Camp"), as lessor. Common-Camp and Tales entered into a Gross Commercial Lease for a four-story building at 129-133 Camp Street in New Orleans, Louisiana, effective January 1, 2019, with the purpose of using the building as a restaurant and event space. Tales agreed to undertake minor renovations to the first floor of the building under the lease, but in preparing for the renovations, various building issues—including code and fire safety concerns—became clear and "made the intended outcome untenable

and the building was not suitable for its intended purpose."[1] Tales asserts that these issues called into question the information Common-Camp had provided to government agencies and information that Tales had relied on to obtain permits for occupancy. Tales declared to Common-Camp that the premises were not suitable for the use it envisioned and failed to pay rent for April and May 2019. At the end of May, Common-Camp demanded that Tales vacate the premises.

Tales filed suit in the Orleans Parish Civil District Court on June 6, 2019, asserting that both parties were citizens of Louisiana.[2] Common-Camp removed the case on June 24, 2019, asserting diversity jurisdiction.[3] On June 28, 2019, Common-Camp filed an answer and counterclaim against Tales and Gary Solomon, Tales's guarantor under the lease, seeking rents owed to it under the lease by Tales and to evict Tales from the property.[4] Tales filed the instant motion to remand on July 17, 2019.[5] Common-Camp opposed the motion,[6] and Tales filed a reply memorandum.[7] After the submission date, Common-Camp sought leave to file a supplemental opposition,[8] which Tales opposed.[9] The Court granted Common-Camp leave and noted that it would also consider the information presented in Tales's opposition in deciding the instant motion.[10]

---

[1] (Rec. Doc. 10-1, at 2).
[2] (Rec. Doc. 1-2).
[3] (Rec. Doc. 1).
[4] (Rec. Doc. 4).
[5] (Rec. Doc. 10).
[6] (Rec. Doc. 11).
[7] (Rec. Doc. 15).
[8] (Rec. Doc. 19).
[9] (Rec. Doc. 20).
[10] (Rec. Doc. 21).

2

# PARTIES' ARGUMENTS

## I. TALES'S MOTION TO REMAND

Tales asserts that the parties are not diverse.[11] Common-Camp's single member is Michael Schexnayder, who Tales contends is a citizen of Louisiana based on Common-Camp's 2019 Annual Report, which lists him as the agent for service of process with an address in Madisonville, Louisiana (the "Madisonville address").[12] Tales argues that a Louisiana LLC must designate and "continuously maintain" a registered agent for service of process, and if a natural person is its registered agent, that person is required to be a citizen of Louisiana who resided in-state.[13] Tales adds that Common-Camp is not the only Louisiana LLC for which Schexnayder is its registered agent; it presents evidence that he has been designated as the registered agent for five other Louisiana LLCs using the Madisonville address.[14] Tales argues that Common-Camp should not be allowed to designate Schexnayder as its registered agent for service of process, list a Louisiana address for him with the Secretary of State, and accept service at that address but then, because Common-Camp wants to assert diversity jurisdiction, claim that Schexnayder is a Texas resident.[15]

## II. COMMON-CAMP'S OPPOSITION

Common-Camp contends that Schexnayder is a citizen of Texas because he is domiciled in Texas, votes in Texas, and holds a Texas driver's license.[16] Common-

---

[11] (Rec. Doc. 10-1, at 3).
[12] *Id.* at 6.
[13] *Id.* at 5.
[14] (Rec. Doc. 10-1, at 6-7; Rec. Doc. 10-4).
[15] (Rec. Doc. 10-1, at 8).
[16] (Rec. Doc. 11, at 2).

3

Camp adds that Schexnayder owns property in four states and his adult daughter owns the home located at the Madisonville address.[17] It attests that Schexnayder has never lived there and only uses it for business purposes with his daughter's consent as a matter of convenience.[18] Common-Camp states that Schexnayder moved to Texas over fifteen years ago for business and, although he sold his business in 2017, he has not established a new domicile.[19] Common-Camp argues that Secretary of State filings should receive little weight and that simply listing a business address in Louisiana on a filing with the Secretary of State's office is not enough to prove that a person is a citizen of Louisiana.[20]

### III. TALES'S REPLY

Tales maintains that Common-Camp has not met its high burden of proof.[21] Tales challenges the evidence presented by Common-Camp, claiming that Schexnayder's declaration did not state that he resides in Texas; that the address listed on his driver's license belongs to an office building and not a residence; and that the address that Schexnayder used for his voter registration card is one that he has not owned or lived in since 2013.[22] Additionally, Tales asserts that Schexnayder has not provided any attachment to his filings proving his residency nor does he provide any evidence of any other factors that would establish where he is domiciled.[23] Tales

---

[17] *Id.* at 3.
[18] *Id.* at 3-4.
[19] *Id.* at 5.
[20] *Id.* at 7.
[21] (Rec. Doc. 13-2, at 2).
[22] *Id.* at 2-3.
[23] *Id.* at 3.

4

further contends that the Secretary of State filings should be considered and support the lack of evidence of diversity.[24]

**IV. COMMON-CAMP'S SUR-REPLY**

Common-Camp's sur-reply is straightforward: it contends that Schexnayder's residence is located at 4014 East State Highway 44, San Diego, Texas, and provides an affidavit from him attesting to such.[25]

**V. TALES'S OPPOSITION TO COMMON-CAMP'S SUR-REPLY**

Tales contends that the address provided by Common-Camp for Schexnayder is a vacant pasture and provides images from Google Maps, dated December 2018, that seemingly demonstrate as much.[26] Tales disputes whether Schexnayder actually owns the property, as its preliminary search of tax records for Duval County, Texas (where the property is located) revealed no records for either Schexnayder or the address he provides.[27]

## **LEGAL STANDARD**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The court considers the jurisdictional facts that support

---

[24] *Id.*
[25] (Rec. Doc. 22; Rec. Doc. 22-1).
[26] (Rec. Doc. 20-1; Rec. Doc. 20-2 at 5-7).
[27] (Rec. Doc. 20-2, at 1-4).

removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The party seeking to invoke federal jurisdiction bears the burden of showing jurisdiction exists. *Mumfrey*, 719 F.3d at 397. Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

## **DISCUSSION**

Tales does not dispute that the amount in controversy is met. Thus, the issue before the Court is whether the parties are diverse. The citizenship of an LLC is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The Court must therefore determine whether Schexnayder, Common-Camp's only member, is a citizen of Texas or Louisiana.

Citizenship for a natural person is determined by the person's domicile, which requires residence in a state and the intent to remain. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). Courts presume that a person's domicile persists unless it is clearly established that the person has abandoned that domicile or acquired a new one. *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996). "The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* at 251. The party

6

attempting to show a change bears the burden on that issue, but the ultimate burden on the issue of jurisdiction lies with the party invoking federal jurisdiction. *Id.* at 250.

Common-Camp offers the following evidence in support of its opposition to the motion to remand: (1) an affidavit by Schexnayder, in which he attests he is a citizen of Texas, moved to Texas "over 15 years ago," considers Texas his home, notes that his home is in Texas on his federal tax filings, and has never lived at the Madisonville address; (2) a copy of Schexnayder's Texas driver's license, issued in 2016; (3) a screenshot from the Texas Secretary of State's website showing Schexnayder is registered to vote in Texas, effective 2010; (4) an affidavit from Schexnayder's daughter, Allison Schexnayder Lewis, attesting that she owns the home at the Madisonville address, her father never resided there, and she allows him to use her home address for his business purposes; and (5) a second affidavit from Schexnayder, attesting that his residence is 4014 East State Highway 44, San Diego, Texas and has been "since well before this litigation began."[28]

In support of its motion to remand, Tales offers: (1) Common-Camp's filings with the Louisiana Secretary of State, including its 2019 annual report, showing that Schexnayder is its registered agent and manager/member, with his address listed as the Madisonville address or other Louisiana addresses; (2) filings with the Louisiana Secretary of State for five other LLCs that list Schexnayder as the registered agent using the Madisonville address; (3) an image of the building located at the address on

---

[28] (Rec. Docs. 11-1, 11-2, 22-1).

Schexnayder's driver's license, which it contends is an office building; (4) copies of warranty deeds showing that Schexnayder transferred the property at the address listed on his voter registration to his ex-wife in 2013 and she subsequently transferred the property to a third party; (5) images of Schexnayder's purported residence in San Diego, Texas, dated December 2018, that apparently show there is no building at that address; and (6) search results from the Duval County, Texas tax office that show no results for Schexnayder or the address he provided.[29]

The Court finds that Schexnayder established his domicile in Texas. He moved there approximately fifteen years ago, satisfying the residency requirement. He operated a business in Texas for about thirteen years, registered to vote in Texas, and obtained a Texas driver's license, establishing his intent to remain in Texas. *See id.* at 251.

The evidence offered by Tales is insufficient to show that Schexnayder reestablished his domicile in Louisiana. The only evidence that shows he may be domiciled in Louisiana is the Secretary of State filings. Crucially, Tales offers no evidence that Schexnayder has established a residence or been physically present in Louisiana. Without establishing Schexnayder's physical presence in Louisiana, Tales cannot carry its burden to show he is domiciled in Louisiana. *See id.* at 250 ("[A] person who has the clear intent to change domicile does not accomplish the change until he is physically present in the new location with that intent."). Regardless of any uncertainty there is about where Schexnayder currently resides, he is presumed

---

[29] (Rec. Docs. 10-2, 10-4, 15-1, 15-2).

to maintain his domicile in Texas until the evidence clearly establishes otherwise. *See id.* Because Common-Camp has sufficiently demonstrated that Schexnayder established his domicile in Texas, it has carried its burden of establishing federal jurisdiction.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 10)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's *Motion for Leave to File Reply* **(Rec. Doc. 23)** is **DENIED AS MOOT**.

New Orleans, Louisiana this 20th day of August, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE